IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVAN COLBERT FRAZIER, ) <br> a.k.a. Ivan Colbert Frazier, Jr., ) <br> ID # 889756, ) <br>       Petitioner, ) <br> vs. ) <br> ) <br> DOUGLAS DRETKE, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>       Respondent. ) | No. 3:03-CV-1546-N |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On August 12, 1999, petitioner was convicted of misdemeanor theft in Cause No. 24,117-CR, and received an enhanced sentence of twenty years. (Pet. Writ Habeas Corpus (Pet.) at 2.) On December 20, 2000, the court of appeals affirmed his conviction. (*Id.* at 3). Petitioner filed no petition for discretionary review (PDR). (*Id.*) On August 10, 2001, he filed a state petition for writ of habeas corpus to challenge his theft conviction. *See* S.H. Tr.[1] at 33. On December 5, 2001, the Texas Court of Criminal Appeals denied that writ. *See Ex parte Frazier*, No. 6,344-05, slip op. at 1 (Tex. Crim. App. Dec. 5, 2001). On December 27, 2001, petitioner filed a

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte Frazier*, No. 6,344-05, slip op. (Tex. Crim. App. Dec. 5, 2001).

federal petition to challenge his 1999 conviction. *See Frazier v. Cockrell*, No. 3:02-CV-0230-R (N.D. Tex.) (petition dated Dec. 27, 2001, and received Jan. 11, 2002, by the Eastern District of Texas and transferred to this Court on Jan. 18, 2002). By judgment dated December 2, 2002, the Court dismissed the federal petition without prejudice so that petitioner could exhaust his state remedies. *Id.* (Judgment). On January 29, 2003, petitioner filed a second state application for writ of habeas corpus relevant to his theft conviction in Cause No. 24,117-CR. *See* S.H. Tr. II[2] at 4. The Texas Court of Criminal Appeals dismissed that application as an abuse of writ on March 26, 2003. *See Ex parte Frazier*, No. 6,344-06, slip op. at 1 (Tex. Crim. App. Mar. 26, 2003).

Petitioner filed the instant petition on July 3, 2003, when he signed and placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that he is being held unlawfully because (1) his conviction was obtained by a violation of the privilege against self-incrimination; (2) the State failed to prove an essential element of the theft offense; (3) the State failed to prove that his sentence should be enhanced; (4) his sentence should not have been enhanced under the repeat felony offender statute; (5) the State improperly amended the indictment against him; (6) his sentence violates his right to be free from cruel and unusual punishment in that the imposed sentence is excessive and disproportionate to the crime committed; (7) Cause No. F89-88732-IJ should not have been used to enhance his punishment; (8) the state statute which elevates a misdemeanor offense to a state jail felony is merely a sentencing provision which was unconstitutionally applied to him; (9) the trial court lacked jurisdiction; (10) his conviction violates the Double Jeopardy Clause of the United States Constitution; and (11) the State used the same prior conviction to twice enhance his sentence. (Pet. at 7-8 and Attached Pages at 1-25.) He also claims that (12) his attorney lacked knowledge of the law and

---

[2] "S.H. Tr. II" denotes the state habeas records attached to *Ex parte Frazier*, No. 6,344-06, slip op. (Tex. Crim. App. Mar. 26, 2003).

2

rendered ineffective assistance by (A) refusing to investigate enhancement convictions, (B) refusing to protect petitioner from double jeopardy; (C) failing to summon a witness at trial; (D) allowing the prosecutor to say she was going to prove one thing but then allowing her to prove a different theory; (E) failing to request a directed verdict of acquittal; (F) failing to file a post-judgment motion; and (G) failing to follow appellate rules. (*See* Attached Pages at 26-30.)

On April 1, 2004, respondent filed a preliminary response in which he asserts that the instant action is barred by the applicable statute of limitations. (*See* Prelim. Resp. at 1-10.) Petitioner thereafter filed a response in which he argues that this action is not untimely because the State misled him to dismiss his prior federal action. (*See* Petitioner's Resp. at 2, hereinafter Reply.) He also claims that equitable tolling principles should apply to toll the limitations period when his appellate attorney failed to file a petition for review and he was unaware that he had a right to such review. (*Id.* at 3.) He further argues that the Court should find the instant petition timely because his first federal petition was timely. (*Id.* at 4.)

To further clarify his claims, petitioner filed an "Amicus Curiae Brief" that the Court received on January 5, 2005. He therein alleges that the State misled him to dismiss his prior federal petition by claiming that he had not exhausted "Ground of Error No. 23", although such error "was lawfully exhausted" in that the Court could have excused the lack of exhaustion. (Amicus Brief at 2.) He argues that the Court should not have allowed him to voluntarily dismiss his prior federal petition because he was an unskilled layman in the law. (*Id.* at 3.) He further argues that he is "actually innocent of any conduct that authorizes a prison sentence of 20 years or that authorizes imprisonment in the Texas Department of Criminal Justice." (*Id.* at 7-8.) He argues that in view of *Blakely*[3] and *Apprendi*,[4] his sentence should be vacated. (*Id.* at 8.)

---

[3] *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004).

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner has also filed a motion for appointment of counsel and a motion to join pending petitions.[5]

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C).[6] Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final

---

[5] Petitioner seeks appointment of counsel due to the complexity of this case. (*See* Mot. for Appointment.) By the motion to join pending litigation, petitioner seeks to join or consolidate the instant action with another habeas action filed by petitioner in *Frazier v. Dretke*, No. 3:03-CV-0864-D (N.D. Tex.). (*See* Mot. to Join Pending Litigation.) In view of the ultimate disposition of this action, the Court denies both motions.

[6] Because the Supreme Court has not made *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000) retroactively applicable to cases on collateral review, petitioner's reliance upon those cases does not place this action under subparagraph (C).

or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on December 20, 2000. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction thus became final on January 19, 2001. With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on January 19, 2001. The claims relate to matters that occurred at or before trial or his appeal.

Accordingly, a literal application of § 2244(d)(1) renders petitioner's July 3, 2003 filing untimely because it was filed more than one year after his conviction became final.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also*, *Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

5

### A. Entitlement to Statutory Tolling

When petitioner filed his state petition on August 10, 2001, 203 days had elapsed since his conviction became final on January 19, 2001. The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on December 5, 2001. The AEDPA clock began to run again on December 6, 2001. The 162 days remaining in the statutory period of limitations therefore elapsed on or about May 16, 2002. Although petitioner filed a federal petition on December 27, 2001, that petition does not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S.167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition). By the time petitioner filed his next state habeas application on January 29, 2003, and the instant federal petition on July 3, 2003, the statutory period of limitations had already elapsed. He is therefore not entitled to statutory tolling, and his federal filing should be deemed untimely unless principles of equitable tolling make the action timely.

### B. Entitlement to Equitable Tolling

In his reply brief, petitioner asserts that the instant federal petition is not time-barred, and he urges the Court to equitably toll the limitations period. (Reply at 1-4.)

In *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) the Fifth Circuit Court of Appeals held, "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'"[7] *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."

---

[7] The Fifth Circuit later held that principles of equitable tolling apply in the context of a motion to vacate filed under 28 U.S.C. § 2255, and that case law regarding such tolling is applicable whether decided in the context of § 2254, § 2255, or outside AEDPA. *See United States v. Patterson*, 211 F.3d 927, 930-31 & n.5 (5th Cir. 2000).

*See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In addition, equitable tolling may be warranted when a court affirmatively misleads a litigant. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). The Supreme Court has suggested that "equitable considerations may make it appropriate for federal courts" to toll the "statute of limitations for unexhausted federal habeas petitions." *Duncan v. Walker*, 533 U.S.167, 183-84 (2001) (Stevens, J., concurring). Nevertheless, a petitioner is not entitled to equitable tolling unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

### 1. *Ineffective Assistance of Counsel and Ignorance of the Law*

Petitioner argues that any untimeliness of the instant petition should be excused because his appellate attorney failed to file a petition for review and he was unaware that he had a right to such review. (Reply at 3.) This argument fails for a number of reasons. First, there is no right to counsel for filing a petition for discretionary review. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003). Second, even if petitioner had a right to counsel, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas v. Dretke*, 354 F.3d 425, 432 (5th Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 2099 (2004). Third, ignorance of the law does not warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Fourth, petitioner timely filed his first federal petition despite the proffered excuse.

7

Petitioner was thus not prevented from timely asserting his rights by any actions of his appellate counsel.

### 2. *Pro se Status and Actual Innocence*

Petitioner also argues that equitable tolling is warranted because he is actually innocent and because he proceeded without counsel on his previous petition and without counsel on the instant petition. (Amicus Brief at 3, 7-8.) However, proceeding *pro se* does not warrant tolling. *See id.* at 171. Furthermore, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See id.* at 171 & n.8.

### 3. *Misled by the State*

Petitioner further claims in his "Amicus Curiae Brief" that the State misled him to dismiss his prior federal petition by claiming that he had not exhausted "Ground of Error No. 23", although such error "was lawfully exhausted" in that the Court could have excused the lack of exhaustion. (Amicus Brief at 2.) Such claim is also insufficient to equitably toll the limitations period.

The record does not reflect that the State actively misled petitioner. In response to petitioner's prior federal petition, the State asserted that one of the claims was unexhausted. *See Frazier v. Cockrell*, No. 3:02-CV-0230-R (N.D. Tex.) (Answer at 12-15). Although the State discussed the ramifications of such non-exhaustion and the potential that a mixed petition may be dismissed entirely, it did not move for dismissal of the entire action on grounds of exhaustion. *Id.* Instead it asserted that the claim was procedurally barred, and specifically indicated that "it would be futile to return to the state courts to file yet another state writ" because the court would dismiss such writ as an abuse of the writ. *Id.* (Answer at 14). Under the facts of this case, the Court does not find that the State actively misled petitioner in any way. The State merely asserted a procedural bar to one of petitioner's prior claims. Such assertion caused petitioner to seek to voluntarily dismiss his prior action. All litigants may voluntarily dismiss their actions "upon order of the court and upon such terms and conditions as the court deems proper." *See* Fed. R. Civ. P. 41(b)(2).

8

### *4. Error by the Court*

Petitioner argues that the Court erroneously allowed him to voluntarily dismiss his prior federal petition. Although the primary focus of such argument lies in the fact that petitioner proceeded *pro se* in his prior action, his argument may reasonably be construed as a claim that petitioner is entitled to equitable tolling because he was misled by the dismissal of his prior action without prejudice.

In *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000), the "*pro se* movant, expressly requested that his motion be dismissed without prejudice to allow him to obtain the assistance of an experienced writ-writer in filing a subsequent § 2255 motion." *Id.* at 931. Finding that such a dismissal "would be in the interests of justice", the district court permitted the movant to voluntarily withdraw his timely-filed motion to vacate without prejudice. *Id.* at 929-30. Nearly a year later, the movant moved for an extension of time to file his subsequent § 2255 motion. *Id.* at 930. In ruling on that motion for extension, the district court specifically noted that the limitations period would expire on April 30, 1998. *Id.* at 930. After the denial of his requested extension of time, Patterson delivered a § 2255 motion to prison authorities prior to April 30, 1998, but the district court dismissed it as untimely. *Id.* The Fifth Circuit held that equitable tolling was warranted because the movant "relied to his detriment on the district court's granting of his request to dismiss the initial, timely filed § 2255 motion in order to refile it at a later date" and because the district court affirmatively misled Patterson as to the deadline for filing his motion to vacate. *Id.* at 930-32. The Fifth Circuit noted that, "on the very date that the district court dismissed Patterson's initial § 2255 motion . . . any future filings would have been time-barred." *Id.* at 932.

In this case, petitioner filed three documents in response to the State's answer entitled "Petitioner's Response to Respondent's Answer", "Motion for the Appointment of Counsel to Perfect Out-of-time Petition for Discretionary Review", and "Motion for Summary Judgement [sic] for Leave to Exhaust State Remedies and Return Without Prejudice to this Court with a Fully

9

Exhausted Petition" on June 7, 2002. *See id.* (docs. 25, 26, and 27). In his response to respondent's answer, petitioner conceded that he had not totally exhausted his state remedies, but argued that the Court should find that he meets an exception to the exhaustion doctrine. *Id.* (Resp. to Resp.'s Answer at 2-3). Alternatively, he stated that he would "concede this ground rather than have his entire application dismissed." *Id.* (Resp. to Resp.'s Answer at 3). He proposed that the Court order the Texas Court of Criminal Appeals to allow an out-of-time petition for discretionary review so that they would hear his non-exhausted claim. *Id.* (Resp. to Resp.'s Answer at 10). He specifically asked the Court "to grant him leave to return to this Court 'without prejudice' after exhausting state remedies" and for appointment of counsel to pursue an out-of-time petition for discretionary review. *Id.* (Resp. to Resp.'s Answer at 12).

By the motion for summary judgment, petitioner sought "summary judgment as a corrective remedy to achieve justice by allowing petitioner to exhaust state remedies by out of time petition for discretionary review." *Id.* (Mot. Summ. J. at 2). He formally requested "leave to return to the Federal District Court without prejudice for appropriate legal disposition of his claims on their merits." *Id.* (Mot. Summ. J. at 3). Thus, like the movant in *Patterson*, petitioner in this case expressly requested that the dismissal be without prejudice so that he could return to this Court once he exhausted his state remedies.

On December 2, 2002, the Court construed petitioner's motion for summary judgment as a "motion for voluntary dismissal" that sought dismissal of the action without prejudice so that petitioner could pursue state remedies. *See id.* (Judgment and Order of Dismissal dated Dec. 2, 2002). The Court granted the request and dismissed the prior federal action without prejudice. *Id.* It specifically instructed petitioner that if he "intends to re-file this action in federal court, he must comply with the applicable statute of limitations." *Id.* (Order of Dismissal). Notwithstanding the Court's notation that a later filing would be subject to the applicable statute of limitations, as demonstrated below, the limitations period for petitioner to timely file a § 2254 action related to his

1999 conviction had already expired when the Court dismissed the prior action. Consequently, any purported dismissal without prejudice would be immediately transformed into a dismissal with prejudice unless petitioner was granted some tolling. As was the case in *Patterson*, this appears inconsistent with the intent of the Court and petitioner.

Unlike *Patterson*, the district court in this case did not expressly misinform petitioner regarding the expiration of the limitations period. However, as in *Patterson*, "on the very date that the district court dismissed [petitioner's] initial § 2255 motion . . . any future filings would have been time-barred." 211 F.3d at 932. Thus, it is arguable, based on *Patterson*, that petitioner was unintentionally misled by the dismissal of his prior action without prejudice. For this reason, this Court assumes, without deciding, that petitioner is entitled to equitable tolling.

C. <u>Application of Equitable Tolling</u>

Given the assumption that petitioner is entitled to equitable tolling, the Court must now determine how much tolling is warranted on the facts of the case.

In *Patterson*, the movant was given a year from the date the district court dismissed his earlier-filed federal action. *See* 211 F.3d at 930 & n.4. The Fifth Circuit expressly noted that it had "not ascertained how the district court and Patterson concluded that April 30, 1998 was the deadline" or "why they believed that it ran from the date of the voluntary dismissal of the original § 2255 motion." *Id.* The Fifth Circuit noted, however, that AEDPA had recently been enacted, and that it had yet to determine the parameters of any grace period for movants in Patterson's circumstances. *See id.*

In contrast, the parameters of AEDPA and the statute of limitations associated with § 2254 actions were well-established when the Court dismissed petitioner's prior federal action in December 2002 in this case. Moreover, the Court's order of dismissal made no express statement regarding the expiration of limitations period for a challenge to petitioner's theft conviction. To the contrary, the Court specifically indicated that any re-filing of petitioner's § 2254 action would be subject to the

applicable statute of limitations. As the Fifth Circuit's comments in note 4 make clear, *Patterson* does not dictate that the Court equitably toll the limitations period for one year from the dismissal of petitioner's prior federal action. At most, *Patterson* supports equitable tolling to the extent petitioner reasonably relied to his detriment on the Court's prior dismissal of petitioner's earlier federal action.

In determining the extent to which petitioner reasonably relied on the prior dismissal, the Court first considers the amount of time remaining in the one-year limitations period when petitioner filed his earlier federal action. When the Texas Court of Criminal Appeals denied petitioner's state writ on December 5, 2001, petitioner had 162 days remaining. Twenty-two more days passed before petitioner filed his earlier federal petition on December 27, 2001. Petitioner therefore had 140 days remaining of the one-year limitations period when he filed his earlier federal action. On June 7, 2002, 162 days later, petitioner filed his "summary judgment" motion requesting dismissal without prejudice to re-filing. Thus, the one-year limitation period had actually already expired at the time petitioner first sought dismissal. Because there was no suggestion in the Court's December 2, 2002 Order that the limitations period would expire by a certain date, as in *Patterson*, the reasonable conclusion is that the voluntary dismissal neither placed petitioner in a better nor worse position. By tolling for the pendency of the prior federal action, the Court places petitioner in the same position as when he filed his earlier federal petition.[8] Thus, the Court assumes that 140 days remained in the limitations period.

By the time he filed his second state writ challenging his theft conviction on January 29, 2003, fifty-eight days had elapsed since the Court's December 2, 2002 dismissal of his prior federal action. The Court further tolls the limitations period during the time petitioner's second state writ

---

[8] In 2001, the Supreme Court recognized the possibility that courts may toll the limitations period during the pendency of a prior federal action mistakenly commenced prior to exhaustion of state remedies. *See Duncan v. Walker*, 533 U.S. 167, 183-84 (2001) (Stevens, J., concurring, noting that, although the filing of petitioner's first federal petition does not statutorily toll the statute of limitations, the possibility exists that such filing could equitably toll the limitations period).

challenging his theft conviction was pending in state court.[9] When the limitations period recommenced after denial of that second writ on March 27, 2003, petitioner had eighty-two days remaining to file the instant federal habeas petition. Petitioner, however, took another ninety-nine days to file the instant petition. The petition is thus untimely even when the limitations period is tolled during the pendency of his prior federal petition and his second relevant state habeas application.

Petitioner has not demonstrated that further equitable tolling is warranted under the facts of this case. Upon dismissal of petitioner's prior federal petition, the Court specifically indicated that he must comply with the applicable statute of limitations should he intend to re-file his petition. Such indication put petitioner on notice that he needed to proceed with due diligence to timely return to federal court. By tolling for the time period that petitioner's prior federal petition remained pending and for the time period that his subsequent state application for writ of habeas corpus remained pending, the Court has given petitioner every benefit of the doubt with respect to the tolling issue. Nevertheless, his current petition falls outside the period of limitations even with such tolling.

Petitioner provides absolutely no explanation for why it took him more than three months to return to federal court after the Texas Court of Criminal Appeals dismissed his January 29, 2003 state application. He simply had to resubmit his previously filed federal petition. Under such circumstances, additional equitable tolling is not warranted. As previously stated, petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Under the facts of this case, the unexplained three-month delay in returning to federal court makes the circumstances not extraordinary enough to qualify for further

---

[9] The Court assumes without deciding that, under the facts of this case, the filing of the second relevant state writ would toll the limitations period until the Texas Court of Criminal Appeals dismissed that state application on March 26, 2003. Such assumption appears reasonable because petitioner could have reasonably relied upon the dismissal of his prior federal action without prejudice as indicating that a properly filed state application for writ of habeas corpus would toll the limitations period under 28 U.S.C. § 2244(d)(2).

13

equitable tolling. *See id.* "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). The Court has already considered equitable tolling for all relevant external forces suggested for the untimeliness. Petitioner's lack of diligence rather than external forces appears to account for the ultimate untimeliness of this action. Petitioner has exercised insufficient diligence to warrant equitable tolling over and above that which the Court has already considered. Consequently, petitioner's July 3, 2003 filing falls outside the statutory period and should be deemed untimely.

Because neither statutory nor equitable tolling saves the instant petition from being untimely, the Court should find the instant federal petition untimely and deny it.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 7th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                   IRMA CARRILLO RAMIREZ
                   UNITED STATES MAGISTRATE JUDGE